[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 13, 1995
The third-party defendant, All Crematory CT Page 879 Corporation, moves to strike the complaint filed against it on the following two grounds: (1) the third-party plaintiffs' claim for apportionment of damages under General Statutes § 52-572h is not a claim for which relief can be granted and (2) the third-party plaintiffs' claim for apportionment of damages is legally insufficient because the third-party plaintiffs seek to allocate fault under both the Tort Reform Act, General Statutes § 52-572h, and the Product Liability Act, General Statutes § 52-572m et seq. The third-party plaintiffs contend they have adequately stated a claim for apportionment. For the reasons stated below, the court concludes the third-party plaintiffs have not adequately stated a cause of action and grants the motion to strike.
The third-party defendant, All Crematory Corporation, was made a party to this lawsuit by defendant DanMar, Inc. and other defendants. The DanMar defendants became third-party plaintiffs by successfully moving the court pursuant to General Statutes § 52-102
and Practice Book § 85 for permission to make All Crematory Corporation a party defendant. After their motion was granted, the DanMar defendants caused to be served upon All Crematory Corporation a summons together with a pleading entitled "Cross-Complaint."[1]
In the cross-complaint, the third-party plaintiffs (the DanMar defendants) allege that this lawsuit was initiated by plaintiff Leo Gallagher Sons against the third-party plaintiffs claiming they caused a fire which damaged property owned by Leo Gallagher Sons. The third-party plaintiffs further allege in their cross-complaint that any damage sustained by Leo Gallagher Sons was caused by the carelessness and negligence of All Crematory Corporation. For relief, the third-party plaintiffs seek "an allocation by the trier of fact as to the proportionate share of negligence of the defendant, All Crematory Corporation in causing the incident referred to in . . . (Leo Gallagher Son's) Amended Complaint."
All Crematory Corporation now moves to strike the cross-complaint. "A motion to strike challenges the legal sufficiency of a pleading. Practice Book § 152." CT Page 880Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). All Crematory Corporation contends that the cross-complaint does not state a claim for which relief can be granted; it argues that a claim for apportionment is not a cause of action.
The third-party plaintiffs base their claim for apportionment of damages on General Statutes § 52-572h(c) which provides, in part, that "if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the . . . damages . . ." For a person's negligence to be considered in the apportionment formula, the person must be a party to the lawsuit. Thus, the third-party plaintiffs want All Crematory Corporation to be a party so its negligence, if any, may be considered.
The General Statutes do not contain a definition of the term "party." Presumably, a party is one whose legal rights, duties or privileges will be determined or affected by the tribunal's decision. No party to this litigation, including the third-party plaintiffs, has made a claim which will affect the rights, duties, or privileges of All Crematory Corporation. Since All Crematory Corporation can not be affected by the outcome of this litigation, its presence as a party is a legal fiction.
Because the third-party plaintiffs do not seek relief from All Crematory Corporation, they have failed to state a cause of action. "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . ." People's Bank v. BilmoreBuilding Corporation, 28 Conn. App. 809, 816,614 A.2d 456 (1992). A claim for apportionment does not constitute a cause of action. See Walker v. BroadcannonAssociates, Superior Court, JD of Fairfield at Bridgeport, DN CV282067 (July 16, 1993), 8 CSCR 83. The claim is legally insufficient and must be stricken.
The judges of this state have written many opinions on issues which have been raised when defendants CT Page 881 have made claims for apportionment of damages under General Statutes § 52-572h. These opinions express divergent views as to the legislature's intent in adopting and amending General Statutes § 52-572h. Compare Gee v. Skarupa, Superior Court, JD of Fairfield at Bridgeport, DN CV93306993S, 10 CONN. L. RPTR. 520 (December 20, 1993), with Barrett v.Scozzafava, Superior Court, JD of Waterbury at Waterbury, DN 117972, 12 CONN. L. RPTR. 657 (October 31, 1994). An interpretation of the legislature's intent which is consistent with this court's ruling on All Crematory Corporation's motion to strike appears in the case of Wilson v. State, Superior Court, JD of Hartford/New Britain at Hartford, DN CV90386668, 11 CONN. L. RPTR. 376 (April 11, 1994).
All Crematory Corporation's second ground for striking the cross-complaint is that the third-party plaintiffs have improperly combined the fault allocation principles of Tort Reform II, General Statutes § 52-572h, with the fault allocation principles of the Product Liability Act, General Statutes § 52-572m etseq. Because the motion to strike is being granted on the first ground, this issue need not be resolved.
The third-party defendant's motion to strike the cross-complaint filed by the third-party plaintiffs is granted on the first ground raised by the third-party defendant.