[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #142
The plaintiff, Marion Morel, brought this action to recover for injuries allegedly sustained when she slipped and fell while shopping at the Trumbull Shopping Park. Named as defendants are Westfield, Inc., Westland Properties, Inc., and Unicco Service Company. The plaintiff allegedly fell when she stepped on french fries and grease that were on the floor in front of a food concession operated by Boardwalk Fries (Boardwalk). On July 27, 1995, the defendants, as third-party plaintiffs, served a summons and third-party complaint on Boardwalk. In the first count, the third-party plaintiffs seek indemnification from Boardwalk. In the second count, the third-party plaintiffs seek an apportionment of liability pursuant to General Statutes § 52-572h
based on allegations that Boardwalk's negligence was the proximate cause of the plaintiff's injuries.
On August 23, 1995, Boardwalk filed a motion to strike the third-party complaint and a supporting memorandum of law. On September 8, 1995, the third-party plaintiffs filed a memorandum in opposition.
The purpose of a motion to strike is to test the legal sufficiency of the allegations of a complaint or counterclaim to state a claim upon which relief can be granted. Ferryman v.CT Page 13487Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling on a motion to strike, the court must "construe the facts alleged in the complaint in the light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994).
Boardwalk moves to strike the first count on the ground that it fails to state a legally sufficient claim for indemnification because the third-party plaintiffs fail to allege that Boardwalk had exclusive control of the situation. Exclusive control over the situation that caused the plaintiff's injuries is one of the elements that must be pleaded in support of a claim for indemnification based on active-passive negligence. See Burkert v. Petrol Plus of Naugatuck, Inc.,216 Conn. 65, 74, 579 A.2d 26 (1990).
In the present case, the third-party plaintiffs seek indemnification based on a provision in a lease agreement between two of the third-party plaintiffs (Westfield, Inc. and Westland Properties, Inc.) and Boardwalk. "[A]llegations of contractual indemnification must be supported by the terms of the contract or the contract itself." Carter v. Stop ShopCo., Inc., 5 Conn. L. Rptr. 243 (November 26, 1991, Maiocco, J.), citing Stevens Lincoln-Mercury, Inc. v. Lauber,1 Conn. L. Rptr. 260 (February 5, 1990, Meadow, J.). There is no requirement that a party seeking indemnification must assert allegations of "exclusive control" (or any of the other elements of a claim for indemnification based on active-passive negligence) in order to state a legally sufficient claim for contractual indemnification. Accordingly, the court denies Boardwalk's motion to strike the first count of the third party complaint.
In support of its motion to strike the second count of the third-party complaint, Boardwalk argues that the third-party plaintiffs' claim for apportionment is legally insufficient because it fails to state a claim for affirmative relief. Boardwalk relies on Walker v. Broadcannon, 8 CSCR 83 (July 16, 1993, Leheny, J.) and Leo Gallagher Sons v. Danmar, Inc.,13 Conn. L. Rptr. 289 (January 13, 1995, Thim, J.) for the proposition that a claim for apportionment of liability is not a claim for affirmative relief, and for the proposition that a claim for apportionment cannot be asserted by way of a third-party CT Page 13488 complaint.
In Walker v. Broadcannon, supra, 8 CSCR 83, the court, in construing the apportionment statutes, held: "Section 52-572h
does not entitle a plaintiff to any relief. Thus, since a claim for apportionment . . . fails to seek affirmative relief, a claim for [apportionment] does not constitute a `cause of action.'" Id.[1] The court then granted the third-party defendant's motion to strike the third-party plaintiff's claims for apportionment.
Nevertheless, in Bradford v. Herzig, 33 Conn. App. 714,638 A.2d 608 (1994), the court stated that "[w]here the negligence of two persons concurs to produce a single result, a plaintiff can elect to sue either or both [persons]. . . . If the defendant believed that a nonparty was responsible for some or all of the plaintiff's injuries, it was his responsibility toimplead that nonparty. General Statutes §§ 52-102, 52-102a."
(Citations omitted; internal quotation marks omitted; emphasis added.) Id., 724. General Statutes § 52-102a provides in pertinent part that [a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of theplaintiff's claim against him." (Emphasis added.) Thus, there is nothing in the language of § 52-102a that requires the third-party complaint to state a claim for "affirmative relief."[2]
In Bradford v. Herzig, the appellate court implicitly recognized that a defendant could implead a nonparty for purposes of apportionment, irrespective of whether a claim for apportionment constitutes a claim for "affirmative relief."[3] Therefore, the court denies Boardwalk's motion to strike the second count of the third-party complaint.
THE COURT
MAIOCCO, J.